**SHIELDS PETITTI, PLC**
Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com
E-Mail: docket@shieldspetitti.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Knorr,<br><br>  Plaintiff,<br><br>  v.<br><br>Daisy Mountain Fire District; Daisy Mountain Fire District Board; Brian Moore; Joe Cantelme; Delene Mahoney; Dr. Randy Hancock and Dr. Jonathan Maitem, in their official capacities,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Jeremy Knorr ("Plaintiff") for his cause of action against Defendants alleges:

## GENERAL ALLEGATIONS

### (Parties and Jurisdiction)

1. Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa County during all relevant times.

1

1246868.1

2. Defendant Daisy Mountain Fire District ("Defendant District") is a fire district as set forth in *A.R.S. §§ 48-802, et seq.* at all times material herein. Defendant District is an employer within the meaning of *42 U.S.C. § 12111(5)* and *29 U.S.C. § 630(b)*.

3. Defendant Daisy Mountain Fire District Board of Directors ("Defendant District Board") is a fire district board and an agent of Defendant District. At all times material herein, Defendant District Board was an employer within the meaning of *42 U.S.C. § 12111(5)* and *29 U.S.C. § 630(b)*.

4. Defendants Brian Moore, Joe Cantelme, Delene Mahoney, Dr. Randy Hancock and Dr. Jonathan Maitem are members of Defendant District Board. At all relevant times herein, they were members of Defendant District Board and were acting for and on behalf of Defendant District and such actions were in the course and scope of their authority.

5. Defendants have committed actions and caused events to occur in Maricopa County, which are the foundation of this action and out of which this action arises.

6. This Court has jurisdiction pursuant to *28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 12133* and *29 U.S.C. § 621, et seq.*

7. Venue is proper under *28 U.S.C. § 1391* because the acts detailed in this Complaint occurred within the District of Arizona and all parties reside within the District of Arizona.

1246868.1

**(Nature of Action)**

8. This is an action brought by Plaintiff to vindicate violations of the Americans with Disabilities Act, as amended ("ADA") and the Age Discrimination in Employment Act ("ADEA").

**(Jury Demand)**

9. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. Plaintiff was a firefighter for Defendant District for 27 years. Plaintiff's physical fitness, or alleged lack thereof, was never an issue in any of his performance evaluations prior to Defendant District's new physical fitness policy.

11. Specifically, in December 2017, Defendant District announced a new physical fitness policy, effective January 2018, that required an annual cardiovascular test on a treadmill. The physical fitness evaluation disproportionately affects older workers because it requires older employees to maintain the same level of physical fitness as a firefighter in his 20s. Other than notice of the policy, Plaintiff never received any training or guidance regarding the test.

12. Prior to the inception of the policy, Plaintiff injured his left Achilles while running on the treadmill during a routine training session at his station in November 2017. Because of residual pain, he was unable to pass his first treadmill test on January 31, 2018.

3

1246868.1

He was, however, able to continue performing all job duties without issue. Despite this, Defendant District removed Plaintiff from active duty and placed him on light duty.

13. Beginning in February 2018, Plaintiff was under the care of a physician and attending therapy sessions for his heel pain. Despite following his doctor's training recommendations, he experienced a setback which resulted in new leg and back pain and required hospitalization and surgery.

14. In May 2018, Defendant District's Chief and Deputy Chief met with Plaintiff to discuss his progress towards a retest. This was the first time Plaintiff was informed that there was a possibility of discipline for failing to pass. He was assured by Defendant District's administration, however, that all he needed to do was show improvement at the next test.

15. As soon as he was physically able, Plaintiff returned to training for the next fitness test. He also met with the Defendant District's peer fitness trainer several times and followed his instructions. He requested a walking alternative, but the trainer and health center wanted him to focus on running. In fact, Plaintiff was never offered a walking test as an alternative, yet he subsequently discovered such a test was available and was offered to other employees, both before and after his discharge.

16. Defendant District's Chief Mark Nichols subsequently provided Plaintiff with a Last Chance Agreement. He also accused Plaintiff of fabricating or embellishing his injuries so he could stay on light duty assignment. Despite offering to provide medical

4

1246868.1

documentation to support his injuries, Defendant District did not want any medical notes or documentation.

17. Because of the Last Chance Agreement, Plaintiff was required to repeat the treadmill test on September 6, 2018, even though he was still injured. His score improved, but he did not pass and left the test in extreme pain. The test exacerbated his injuries to the point that he could barely walk for the next month.

18. Defendant District placed Plaintiff on unpaid leave due to the failed treadmill test. He was not offered a light duty or other administrative position. Defendant District claims it has a policy that imposes a six-month limit on a 40-hour assignment (light duty), regardless of an individual's disability. Plaintiff is also aware of others that have been permitted to remain on a light duty or administrative assignment to accommodate injuries or disabilities well past the six-month time frame.

19. While on unpaid leave, Plaintiff complained to Defendant District's Chief that the new physical fitness policy discriminates against older firefighters who are expected to maintain the same minimum level of fitness as firefighters in their 20s. He also pointed out that Defendant District had indicated that the new physical fitness policy was not intended to be punitive, yet he had been disciplined and was one step from termination.

20. Defendant District fired Plaintiff on February 21, 2019 because he was physically unable to complete the treadmill test within the time constraints dictated by Defendant District.

5

21. Defendant District claims that all sworn personnel are required to take the physical fitness treadmill test. But, this is untrue. Defendant has not required several sworn personnel to take the test. In addition, Plaintiff has not discharged other employees that have failed the treadmill test on multiple attempts, as much as five (5) times.

22. In December 2019, Defendant District offered to reinstate Plaintiff to light duty status but only on the condition that he pass the treadmill test within eight (8) weeks. Defendant District also refused to pay Plaintiff for the prior fifteen months' worth of back pay and benefits. Due to concerns about the short timeframe within which to complete the retest, as well as lack of compensation, Plaintiff rejected the offer.

23. On December 17, 2019, Plaintiff timely filed a Charge of age, disability and retaliation discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

24. In discharging Plaintiff, Defendants willfully, knowingly and intentionally discriminated against Plaintiff because of his age, disability, and in retaliation for raising his good faith concerns that Defendants were violating State and Federal law and his opposition to the same. Defendants' stated reasons for its actions were false and pretextual.

25. Plaintiff is damaged by the wrongful acts of Defendants and their agents herein alleged, which damage includes, without limitation, the following:

    a. Lost salary and employment benefits due Plaintiff at the time of his discharge and since his discharge until he should obtain employment at a similar rate of compensation;

6

1246868.1

b. Injury to Plaintiff's long-term employment, reputation and income potential flowing from the wrongful conduct by Defendants; and

c. Injury from humiliation, trauma, extreme stress, depression, and physical and mental pain and anguish.

26. The willful and wanton misconduct on the part of Defendants is such that it justifies an award of punitive damages.

27. All prerequisites to Plaintiff filing suit have been met.

28. All allegations of this Complaint are incorporated into each Claim for Relief.

**FIRST CLAIM FOR RELIEF**
**Age/Retaliation Discrimination**

29. Plaintiff is 54 years old and a member of a protected class (over 40).

30. The acts, policies and practices of Defendants, as alleged herein, violate the ADEA's age and retaliation discrimination provisions.

31. Plaintiff timely filed a charge of age and retaliation discrimination. The EEOC issued its Notice of Right to Sue thereafter. (A copy of the Notice is attached and incorporated as Exhibit 1).

32. Plaintiff is damaged by Defendants' violations of the ADEA as hereinabove alleged or as proven at trial.

1246868.1

## SECOND CLAIM FOR RELIEF
### Disability Discrimination

33. Plaintiff is a disabled individual (Achilles tendinosis/tendinitis) who was qualified to perform his job and was discriminated against because of his disability or Defendants' perception of his disability.

34. Plaintiff's disability substantially limits his ability to walk, stand, climb stairs and other daily activities, such as dressing and bathing, but, as noted, he was qualified to perform his job with reasonable accommodations.

35. Defendants failed to engage in a meaningful interactive process before terminating Plaintiff.

36. In addition, Defendants' six-month limit for light duty assignments violates the ADA and impacted Plaintiff's employment directly herein.

37. Plaintiff timely filed a charge of disability discrimination. The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

38. Plaintiff is damaged by Defendants' violations of the ADA as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violated the ADEA and ADA, and enjoining Defendants from conduct violating Plaintiff's rights;

8

1246868.1

B. For actual, consequential and incidental damages as alleged herein or as proven at trial;

C. For punitive damages;

D. For liquidated damages pursuant to the ADEA;

E. For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to the ADEA and ADA, and any other applicable statute, rule or regulation;

F. For interest on each element of damage, cost, or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fees was incurred until paid; and

G. For such other and further relief as the Court deems just and proper.

DATED this 13th day of April, 2022.

                SHIELDS PETITTI, PLC

                By <u>Michael J. Petitti, Jr.</u>
                  Michael J. Petitti, Jr.
                  Paige C. Pataky
                  5090 N. 40th Street, Suite 207
                  Phoenix, AZ 85018
                  *Attorneys for Plaintiff*